THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SCOTT WHITNEY,   )<br>Plaintiff,   )<br>   )<br>v.   )<br>   )<br>MARK D. CASSIDY and   )<br>MEDUXNEKAEG RAMBLERS   )<br>SNOWMOBILE CLUB,   )<br>Defendants.   )<br>   ) | CIVIL ACTION NO.:<br><br>**COMPLAINT FOR INJURIES OF 2/10/19** |

## INTRODUCTION

This action is commenced on behalf of the above-referenced Plaintiff as a result of personal injuries caused by the negligent acts and omissions of the above-referenced Defendants.

## JURISDICTION & VENUE

This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C., § 1332, because there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

Venue is proper in this Federal District pursuant to 28 U.S.C., §1391(b)(2) as the acts and omissions giving rise to this suit occurred within this district.

## GENERAL ALLEGATIONS

1. The Plaintiff, Scott Whitney, is an adult individual, residing at 191 Ridgeview Road, Weare, Hillsborough County, New Hampshire at all relevant times.

2. The Defendant, Mark D. Cassidy ("hereinafter referred to as "Cassidy"), is an adult individual, residing and domiciled in New Limerick, Aroostook County Maine.

3. The Defendant, Meduxnekaeg Ramblers Snowmobile Club (hereinafter referred to as "MRSC"), on information and belief, is a non-profit organization with a principal place of business located at 334 Back Ridge Rd., Littleton, Aroostook County, Maine.

## COUNT ONE
## CLAIM OF THE PLAINTIFF, SCOTT WHITNEY, AGAINST THE DEFENDANT, MARK D. CASSIDY FOR PERSONAL INJURIES PREDICATED UPON NEGLIGENCE

4. Pursuant to Fed. R. Civ. P. 10 (c), the Plaintiff adopts by reference and incorporates fully herein ¶¶ 1-3.

5. On or about February 10, 2019, at approximately 10:59 a.m., the Plaintiff was lawfully operating a snowmobile in Webbertown, Maine on the snowmobile trail known as ITS Trail 86 (hereinafter, "Trail 86"). Plaintiff was among a group of six snowmobilers heading south on Trail 86 and was positioned third in line.

6. On or about February 10, 2019, Defendant Cassidy, in the course of his employment with, and permission by, Defendant MRSC, was operating a Tucker Snow-Cat groom machine ("Groomer") that was pulling a dragger tool and heading Northbound on Trail 86, the same trail Plaintiff was travelling.

7. On the aforementioned date, Defendant Cassidy brought the Groomer to a stop at a blind corner at the bottom of a hill on Trail 86 in a position blocking nearly the entire trail that oncoming snowmobilers would utilize to pass and, in a location, where the Groomer was not visible to oncoming snowmobilers, including the Plaintiff.

8. Upon approaching the Groomer's location, Plaintiff was caused to maneuver his snowmobile onto an elevated snowbank on the side of Trail 86 so to avoid collision with the Groomer. Prior to clearing the Groomer and dragger on the elevated snowbank, Plaintiff

        lost control of his snowmobile, veered back into Trail 86 and collided with the dragger connected to the Groomer, sustaining severe personal injuries.

9. While operating a motor vehicle, all persons have a duty to operate the vehicle under their control in a reasonable and prudent matter which Defendant Cassidy failed to do.

10. On or about February 10, 2019, Defendant knew or should have known that there would be heavy snowmobile traffic on Trail 86 and failed to use caution while operating the Groomer, failed to stop the Groomer in a safe location, and failed to warn oncoming snowmobilers of the danger presented by the presence of the Groomer beyond their sight lines.

11. The February 10, 2019, accident was caused in whole and/or in part by the negligence of Defendant Cassidy, who at the time of the collision, was permissibly operating a motor vehicle owned by Defendant MRSC and in the course of his employment with the same.

12. As a direct and proximate result of Defendant Cassidy's negligence and carelessness, Plaintiff sustained serious personal injuries and incurred pain of the body, anguish of mind, medical bills, lost earnings, and other damages.

WHEREFORE, the Plaintiff, Scott Whitney, demands judgement against the Defendant, Mark D. Cassidy, in an amount that will fairly and adequately compensate the Plaintiff for all damages sustained, including physical injuries, conscious pain and suffering, and all other damages recoverable under the law, together with interest, costs, legal fees, and other such relief this Honorable Court may deem just and appropriate.

**COUNT TWO**
**CLAIM OF THE PLAINTIFF, SCOTT WHITNEY, AGAINST THE DEFENDANT, MEDUXNEKEAG RAMBLERS SNOWMOBILE CLUB FOR PERSONAL INJURIES PREDICATED UPON NEGLIGENCE AND NEGLIGENT ENTRUSTMENT**

13. Pursuant to Fed. R. Civ. P. 10 (c), the Plaintiff adopts by reference and incorporates fully herein ¶¶ 1-12.

14. On or about February 10, 2019, Defendant MRSC was the owner of the 2012 Groomer, bearing a Vehicle Identification Number 2012R596, which at the time of the above-described accident was being operated with Defendant MRSC's permission by Defendant Cassidy.

15. On the aforementioned date, Defendant Cassidy was operating the Groomer with the permission of Defendant MRSC, who had the right to control the Groomer and who it permitted to operate the same.

16. On or about February 10, 2019, the accident was caused in whole and/or in part by the joint negligence of Defendant MRSC and Defendant Cassidy.

17. As a direct and proximate result of the joint negligence of Defendants, the Plaintiff sustained serious personal injuries and incurred pain of the body, anguish of mind, medical bills, lost earnings, and other damages.

WHEREFORE, the Plaintiff, Scott Whitney, demands judgement against the Defendant, Meduxnekaeg Ramblers Snowmobile Club, in an amount that will fairly and adequately compensate the Plaintiff for all damages sustained, including physical injuries, conscious pain and suffering, and all other damages recoverable under the law, together with interest, costs, legal fees, and other such relief this Honorable Court may deem just and appropriate.

**COUNT THREE**
**CLAIM OF THE PLAINTIFF, SCOTT WHITNEY, AGAINST THE DEFENDANT, MEDUXNEKEAG RAMBLERS SNOWMOBILE CLUB FOR PERSONAL INJURIES UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR***

18. Pursuant to Fed. R. Civ. P. 10 (c), the Plaintiff adopts by reference and incorporates fully herein ¶¶ 1-17.

19. On or about February 10, 2019, Defendant Cassidy was operating the Groom while in the employ of the Defendant MRSC, and was otherwise under the direction, supervision, and control of the Defendant MRSC.

20. Defendant MRSC is liable for the negligence of its employees acting within the scope of their employment.

21. On or about February 10, 2019, Defendant MRSC was negligent in permitting the careless, reckless, and/or negligent operation of the Groomer under its care and control, which negligence of the Defendant Cassidy caused the accident with Plaintiff's snowmobile.

22. As a result of the negligence of Defendant Cassidy, who was operating Defendant MRSC's Groomer, and acting under MRSC's control as its agent, servant or employee, the Plaintiff sustained serious personal injuries.

23. As a direct and proximate result of the joint negligence of Defendants, the Plaintiff sustained serious personal injuries and incurred pain of the body, anguish of mind, medical bills, lost earnings, and other damages.

WHEREFORE, the Plaintiff, Scott Whitney, demands judgement against the Defendant, Meduxnekaeg Ramblers Snowmobile Club, in an amount that will fairly and adequately compensate the Plaintiff for all damages sustained, including physical injuries, conscious pain and suffering, and all other damages recoverable under the law, together with interest, costs, legal fees, and other such relief this Honorable Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 8, 2022

    Respectfully submitted,
    For the Plaintiff,
    Scott Whitney,
    By His Attorneys,

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Danchuck Law, LLC
2 Victoria Lane
Falmouth, ME 04105
Phone: 207-464-0099
Email: Dmitry@emilyesquire.com

  /s/ Frank C. Corso, Esq.
Frank C. Corso, Esq. (Mass. BBO# 545552)
Corso Law, LLC
492 Winthrop Street, Suite 5
Rehoboth, MA 02769
Phone: 774-901-2677 x.303
Fax: 774-901-2678
fcc@corsolaw.com

*Pending Admission Pro Hac Vice*

  /s/ Paolo G. Corso, Esq.
Paolo G. Corso Esq. (Mass. BBO# 703315)
Corso Law, LLC
492 Winthrop Street, Suite 5
Rehoboth, MA 02769
Phone: 774-901-2677 x.307
Fax: 774-901-2678
pgc@corsolaw.com

*Pending Admission Pro Hac Vice*